```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 02-20190-CIV-UNGARO
                                    (95-751-CR-UNGARO)
                              MAGISTRATE JUDGE P.A. WHITE
```

MARVIN GRIFFIN,                    :

       Petitioner,             :          REPORT OF
                                                        MAGISTRATE JUDGE
v.                                 :             (DE#82)


UNITED STATES OF AMERICA,          :

       Respondent.            :
_____

     The pro-se petitioner, Marvin Griffin filed a Motion to Revisit Prior Ruling Denying a Motion for Recusal (DE#45),and in the alternative, a motion for Relief from Judgment, on September 10, 2009, pursuant to Fed.R.Civ.P. 60(b) (DE#82).The motion was referred to the Undersigned Magistrate Judge on September 14, 2009.

     Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The movant fails to establish relief pursuant to the Rule.

     The movant is attempting to avoid the procedural bar against filing a successive motion by claiming that he is collaterally attacking the integrity of the Court's proceedings. He claims that

United States District Court Judge Ursula Ungaro was biased against him during his criminal proceedings in federal court, because she had presided over his state proceedings, which resulted in a conviction. This claim must fail.

The history of this case is as follows: the petitioner's motion to vacate was denied July 2, 2002. An appeal to the Eleventh Circuit was dismissed on December 26, 2002. The petitioner filed his first motion for relief from judgement, on grounds separate from the one raised in this motion, which was denied on February 10, 2003. The appeal to the Eleventh Circuit was dismissed on July 14, 2003. A second Rule 60(b) motion, again raising claims separate from those raised in this motion, was denied on August 28, 2006.

On December 26, 2006, the petitioner filed a Motion for Recusal of Judge Ungaro, claiming bias because she had presided over his state court proceedings. The motion was denied following a government response (DE#45), and a motion for reconsideration was stricken. (DE#54). Griffin filed a notice of appeal, and the Eleventh Circuit declined to issue a certificate of appealability and found the motion for reconsideration properly stricken. (DE#s 71 & 73).

Griffin again seeks reconsideration of the Order denying the motion to recuse. (DE#45). As demonstrated in the procedural history above, this Order has been reviewed and denied. The motion for reconsideration was held to be properly stricken by the

Eleventh Circuit. This motion has been disposed of, and should be stricken.

Further it is clear that the motion has no merit. To support a successful 60(b) motion based upon Judge bias, the petitioner must demonstrate that the Judge's conduct corrupted the judicial process itself, as when a party bribes a Judge. See; *US ex rel Gragrande v Roth*, 1001 WL 62572 (ND Ill 2001). The comments made by Judge Ungaro during the petitioner's state court proceedings do not, in any way rise to the required level.[1]

It is therefore recommended that this motion filed pursuant to Rule 60(b) be denied (DE#82), and in the alternative stricken.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 18th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Marin Griffin, Pro Se
      Reg#57836-004
      FCI-Miami
      Address of Record

      All attorneys of record

---

[1] The Judge's comments are found in the petitioner's motion (DE#82), and the government's response to the initial motion for recusal (DE#43).